■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCISCO RODRIGUEZ and AQUILES RODRIGUEZ, Appellants.— Appeals from two judgments of the Supreme Court, Kings County, both rendered May 4, 1967, each judgment convicting a respective defendant of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgments reversed, on the law and in the interests of justice, and new trial ordered. In our opinion, the trial court erred in refusing to permit defense counsel to adduce evidence bearing upon the credibility of witnesses, as follows: disallowance of a photograph of defendant Aquiles Rodriguez which prosecution witness Caraballo had been unable to identify before the Grand Jury as that of the man with the gun; limiting cross-examination of prosecution witness C. M. Garcia on the subject of his motive in testifying against defendants, i.e., regarding his having been permitted to plead guilty to the misdemeanor of unlawful entry, to satisfy an indictment charging him with the felony of burglary, and the fact that execution of his sentence was suspended; refusing cross-examination of the same witness Garcia as to the acts which were the basis for the burglary prosecution against him and as to his erroneous identification of another person; refusing to permit elicitation of an opinion from police detective O'Keefe, during his cross-examination, with respect to the direction one of the shots had taken; with respect to witness Russo, who had been called by counsel for defendant Aquiles Rodriguez, refusal to permit that counsel to elicit from the witness that he had committed a criminal act and had been convicted of a crime, and refusal to permit the same counsel to examine the witness's Grand Jury testimony; and refusal to permit counsel for defendant Francisco Rodriguez to cross-examine Russo as to his credibility. The trial court also erred in remonstrating with defense counsel, in the presence of the jury, for availing himself of the right to make an objection during the prosecutor's summation. The court also erred further in charging the jury in words which could have been understood as applying the preponderance of evidence rule rather than the requirement of guilt beyond a reasonable doubt; and in refusing the requests to charge with respect to the crime of assault separately as to defendant Francisco Rodriguez and that, if no motive were found, that must be considered on the question of whether defendants committed the acts in question. A new trial is mandated because of the totality of these errors and in the interests of justice. Brennan, Rabin and Hopkins, JJ., concur; Beldock, P. J., and Christ, J., dissent and vote to affirm the judgments.